CLAYEO C. ARNOLD
A Professional Corporation
Clayeo C. Arnold, SBN 65070
Matthew P. Donahue, SBN 155080
C. Jean Cain, SBN 84022
608 UNIVERSITY AVENUE
SACRAMENTO, CA 95825
(916) 924-3100

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES HOFFNER and MARY HOFFNER,<br><br>  Plaintiffs,<br><br>vs.<br><br>WALTER KIDDE PORTABLE EQUIPMENT, INC., KIDDE PLC, INC., WW. GRANTER dba GRANGER INDUSTRIAL SUPPLY, DOES 1 through 50, inclusive,<br><br>  Defendants. | Case No: C04-04733 CRB ARB<br><br>FIRST AMENDED COMPLAINT FOR PRODUCTS LIABILITY, NEGLIGENCE, BREACH OF WARRANTY AND LOSS OF CONSORTIUM |

**ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

1.  At all times herein relevant, plaintiffs JAMES HOFFNER and MARY HOFFNER, were individuals and a residents of the State of North Dakota.

2.  The true names and capacities, whether individual, corporate, associate or otherwise of defendants 1 through 50, inclusive, are unknown to plaintiffs who therefore sue said defendants by such fictitious names.  Plaintiffs are informed and believe and thereon allege that each of the defendants designated herein as a DOE is legally responsible in some manner for the events and happenings herein referred to, and legally caused injury and damages proximately thereby to plaintiff as hereinafter alleged.

3. Plaintiffs are further informed and believe and thereon allege that defendants DOES 1 through 100, and each of them, are and were at all times herein mentioned the agents, servants and/or employees of each of the other defendants, and were at all times herein mentioned acting within the course and scope of said agency, service and/or employment; and were further acting with the consent and knowledge of each of the remaining defendants.

4. At all times herein relevant, plaintiff JAMES HOFFNER's employer, Certified Coatings of California, Inc., was the owner of a KIDDE escape ladder (hereinafter referred to as the "SUBJECT LADDER").

5. At all times herein relevant, defendants KIDDE PLC, INC., WALTER KIDDE PORTABLE EQUIPMENT, INC and DOES 1 through 25, and each of them, (hereinafter referred to as "defendants KIDDE"), were corporations, partnerships, associations or other forms of business entities doing business in and selling products within the County of Contra Costa, State of California.  Said defendants engaged in the business of designing, manufacturing, testing, assembling, inspecting, promoting, advertising, offering for sale and selling to members of the general public KIDDE escape ladders including the SUBJECT LADDER.

6. At all times herein relevant, defendant W.W. GRANGER, dba GRANGER INDUSTRIAL SUPPLY and  DOES 26 through 50, and each of them, (hereinafter referred to as "defendants GRANGER"), were corporations, partnerships, associations or other forms of business entities with principal place of business within the State of Illinois and were engaged in the business of inspecting, assembling, promoting, advertising, offering for sale and selling to members of the general public KIDDE escape ladders including the SUBJECT LADDER.

7. Defendants, and each of them, in doing and in failing to do any and all of the things referred to in this complaint authorized and/or ratified such acts or omissions by and through their officers and/or directors and/or managing agents and at such times were

First Amended Complaint

acting within the course and scope of said agency, service and/or employment. Further, any knowledge or state of mind attributed to defendants, and each of them, at the time of any relevant act or omission referred to in this complaint was possessed by and/or authorized and/or ratified by the officers and/or directors and/or managing agents who at all relevant times were acting within the course and scope of their agency, service and/or employment.

8. On or about November 23, 2003, plaintiff JAMES HOFFNER was utilizing the SUBJECT LADDER to descend into a large water tank to sandblast and paint the tank's interior when a rung of the ladder detached causing him to fall to the bottom of the tank resulting in serious and permanent injuries.

**FIRST CAUSE OF ACTION**

**STRICT PRODUCTS LIABILITY**

Comes now plaintiff JAMES HOFFNER and as and for a cause of action against defendants, and each of them, alleges as follows:

9. Plaintiff realleges and incorporates herein by this reference as though set forth in full each and every, all and singular, the allegations contained in paragraphs 1-8 above.

10. At all times herein relevant, defendants, and each of them, designed, manufactured, assembled, tested, failed to test, inspected, failed to inspect, promoted, advertised, offered for sale, sold and otherwise placed in the stream of commerce KIDDE escape ladders including the SUBJECT LADDER which were dangerous, defective, hazardous and unsafe in their manufacture and design and which were capable of causing and did in fact cause serious and permanent injuries when used in a foreseeable manner and fashion, thereby rendering such ladders unsafe and dangerous to the user and consumer.

11. Defendants, and each of them, knew or should have known that KIDDE escape ladders including the SUBJECT LADDER would be utilized by the user and consumer without inspection for defects.

12. KIDDE escape ladders including the SUBJECT LADDER were dangerous and defective in the design and manufacture in the means by which the rungs were attached to the ladder as well as in other fashions and manners, so as to fail to protect the user from injury and/or to avoid causing injury to the user and consumer.

13. Plaintiff JAMES HOFFNER was not aware of the aforementioned defects at any time prior to his injury on November 23, 2003.

14. As a direct and legal result of the dangerous and defective design, manufacture, assembly, testing, inspection, promotion, advertising and selling of the SUBJECT LADDER by defendants, and each of them, plaintiff was hurt and injured in his health, strength and activity, sustaining injury to his body and shock and injury to his nervous system and person, all of which have caused and continue to cause great mental and physical pain, suffering and nervousness.  Plaintiff is informed and believes and thereon alleges that the injuries will result in permanent disability to plaintiff, all to plaintiff's general damage in an amount in excess of the jurisdictional limits of this court which will be shown according to proof at time of trial.

15. As a further direct and legal result of the dangerous and defective design, manufacture, assembly, testing, inspection, promotion, advertisement and selling of the SUBJECT LADDER by defendants, and each of them, plaintiff was required to employ and continues to employ physicians and surgeons to examine, treat and care for her, and did and continues to incur medical and incidental expenses which will be shown according to proof at time of trial.

16. As a further direct and legal result of the dangerous and defective design, manufacture, assembly, testing, inspection, promotion, advertisement and sale of the SUBJECT LADDER by defendants, and each of them, plaintiff was prevented from attending

First Amended Complaint

1  to his usual occupation for a period of time, and sustained a loss of earnings in an amount unknown to plaintiff at this time, but which will be shown according to proof at time of trial. Plaintiff is informed and believes and thereon alleges that he will be prevented from attending to said usual occupation for a period in the future and will further sustain loss of earnings, all in an amount unknown to plaintiff at this time but which will be shown according to proof at time of trial.

17. Prejudgment interest on the damages alleged herein should be awarded in the event that judgment for plaintiff be rendered; said sum should be calculated from the time that the cause of action arose or as provided for in the California Civil Code.

18. Plaintiff is informed and believes and thereon alleges that in placing the KIDDE escape ladders, including the SUBJECT LADDER in the stream of commerce, defendants, and each of them, acted with malice, oppression and fraud in that defendants knew that said ladders were designed and manufactured in a manner and fashion that would cause serious and permanent injuries to users and consumers; nevertheless, motivated by a desire to line their corporate coffers and to make a profit defendants placed said ladders for sale.  With said knowledge and in conscious disregard for the safety of the public including plaintiff, defendants expressly and impliedly warranted and represented the KIDDE escape ladders to be safe for use and without risk of serious harm or injury to induce members of the general public to acquire and use such vehicles.  Plaintiff JAMES HOFFNER'S is entitled to exemplary and punitive damages against said defendants in an amount according to proof at time of trial.

## SECOND CAUSE OF ACTION
## FAILURE TO WARN

Comes now plaintiff JAMES HOFFNER and as and for a cause of action against defendants, and each of them, alleges as follows:

First Amended Complaint

19. Plaintiff realleges and incorporates herein by the reference as though set forth in full each and every, all and singular, the allegations contained in paragraphs 1-7 and 18 above.

20. At all times herein relevant, defendants, and each of them, marketed, promoted, advertised, labeled, provided information and supplied written instructions, literature and directions for use of the KIDDE escape ladders including the SUBJECT LADDER, to members of the general public which failed to mention, warn or alert the user and consumer of the dangers of rung failure which risks and injury causing potential were known or should have been known to defendants through the manufacture, design, inspection and testing process and defendants' specialized knowledge in the industry.

21. As a direct and legal result of the failure to warn by defendants, and each of them, plaintiff was hurt and injured in his health, strength and activity, sustaining injury to his body and shock and injury to his nervous system and person, all of which have caused and continue to cause great mental and physical pain, suffering and nervousness. Plaintiff is informed and believes and thereon alleges that the injuries will result in some permanent disability to plaintiff, all to plaintiff's general damage in an amount in excess of the jurisdictional limits of this court which will be shown according to proof at time of trial.

22. As a further direct and legal result of the failure to warn of defendants, and each of them, plaintiff was required to employ and continues to employ physicians and surgeons to examine, treat and care for his and did and continues to incur medical and incidental expenses which will be shown according to proof at time of trial.

23. As a further direct and legal result of defendants, and each of them, plaintiff was prevented from attending to his usual occupation for a period of time, and sustained a loss of earnings in an amount unknown to plaintiff at this time, but which will be shown according to proof at time of trial. Plaintiff is informed and believes and thereon alleges that he will be prevented from attending to said usual occupation for a period in the future

First Amended Complaint

1  and will sustain further loss of earnings all in an amount unknown to plaintiff at this time
2  but which will be shown according to proof at time of trial.

3      24.    Prejudgment interest on the damages alleged herein should be awarded in
4  the event the judgment for plaintiff be rendered; said sum should be calculated from the
5  time that the cause of action arose or as provided for in the California Civil Code.

## THIRD CAUSE OF ACTION

## NEGLIGENCE

    Comes now plaintiff JAMES HOFFNER and as and for a cause of action against defendants, and each of them, alleges as follows:

    25.    Plaintiff realleges and incorporates herein by this reference as though set forth in full each and every, all and singular, the allegations contained in paragraphs 1-8 above.

    26.    Defendants, and each of them, negligently and carelessly manufactured, designed, assembled, tested, failed to test, inspected, failed to inspect, promoted, advertised, offered for sale, sold and warned and failed to warn of the risks of using the KIDDE escape ladders including the SUBJECT LADDER.

    27.    The KIDDE escapes ladder including the SUBJECT LADDER were dangerous and defective in the design and manufacture in the means by which the rungs were attached to the ladders, as well as in other fashions and manners, so as to fail to protect the user from injury and/or to avoid causing injury to the user and consumer.

    28.    Defendants, and each of them, knew or should have known that the KIDDE escape ladders including the SUBJECT LADDER would be utilized by the user and consumer without inspection for defects.

    29.    Plaintiff was not aware of the aforementioned defects at any time prior to his injury on November 23, 2003.

    30.    As a direct and legal result of the negligence of defendants, and each of them, plaintiff was hurt and injured in his health, strength and activity, sustaining injury

First Amended Complaint

to his body and shock and injury to his nervous system and person all of which have caused and continue to cause great mental and physical pain and suffering and nervousness.  Plaintiff is informed and believes and thereon alleges that the injuries will result in some permanent disability to plaintiff, all to plaintiff's general damage in an amount in excess of the jurisdictional limits of this court which will be shown according to proof at time of trial.

31. As a further direct and legal result of the negligence of defendants, and each of them, plaintiff was required to employ and continues to employ physicians and surgeons to examine, treat and care for him, and did and continues to incur medical and incidental expenses which will be shown according to proof at time of trial.

32. As a further direct and legal result of the negligence of defendants, and each of them, plaintiff was prevented from attending to his usual occupation for a period of time, and sustained a loss of earnings in an amount unknown to plaintiff at this time, but which will be shown according to proof at time of trial.  Plaintiff is informed and believes and thereon alleges that he will be prevented from attending to said usual occupation for a period in the future and will sustain further loss of earnings, all in an amount unknown to plaintiff at this time but which will be shown according to proof at time of trial.

33. Prejudgment interest on the damages alleged herein should be awarded in the event that judgment for plaintiff be rendered; said sum should be calculated from the time that the cause of action arose or as provided for in the California Civil Code.

## FOURTH CAUSE OF ACTION
## BREACH OF IMPLIED WARRANTY

Comes now plaintiff JAMES HOFFNER and as and for a cause of action against defendants, and each of them, alleges as follows:

34. Plaintiff realleges and incorporates herein by this reference by though set forth in full each and every, all and singular, the allegations contained in paragraphs 1-8 above.

First Amended Complaint

35. Prior to November 23, 2003, and at that time, defendants, and each of them, impliedly warranted that the KIDDE escape ladders including the SUBJECT LADDER were of merchantable quality and safe and fit for the purposes and uses which were intended by defendants, and each of them.

36. Plaintiff JAMES HOFFNER relied on the skill and judgment of defendants, and each of them, in the manufacturing, designing, assembling, inspecting, testing, advertising, promoting, offering for sale and selling of the SUBJECT LADDER.

37. On or about November 23, 2003, plaintiff JAMES HOFFNER was utilizing the SUBJECT LADDER in a foreseeably intended manner by climbing down it.

38. While utilizing the SUBJECT LADDER for a foreseeably intended purpose, plaintiff JAMES HOFFNER suffered serious and permanent injuries as herein alleged which injuries were directly and legally caused by the defective and dangerous condition of the SUBJECT LADDER and by the breach of said implied warranties by defendants, and each of them.

39. As a direct and legal result of the breach of implied warranty by defendants, and each of them, plaintiff was hurt and injured in his health, strength and activity, sustaining injury to his body and shock and injury to his nervous system and person, all of which have caused and continue to cause great mental and physical pain, suffering and nervousness. Plaintiff is informed and believes and thereon alleges that the injuries will result in some permanent disability to plaintiff, all to plaintiff's general damage in an amount in excess of the jurisdictional limits of this court which will be shown according to proof at time of trial.

40. As a further direct and legal result of the breach of warranty of defendants, and each of them, plaintiff was required to employ and continues to employ physicians and surgeons to examine, treat and care for him, and did and continues to incur medical and incidental expenses which will be shown according to proof at time of trial.

First Amended Complaint

41. As a further direct and legal result of the breach of warranty of defendants, and each of them, plaintiff was prevented from attending to his usual occupation for a period of time, and sustained a loss of earnings in an amount unknown to plaintiff at this time, but which will be shown according to proof at time of trial. Plaintiff is informed and believes and thereon alleges that he will be prevented from attending to said usual occupation for a period in the future and will sustain further loss of earnings, all in an amount unknown to plaintiff at this time but which will be shown according to proof at time of trial.

42. Prejudgment interest on the damages alleged herein should be awarded in the event that judgment for plaintiff be rendered; said sum should be calculated from the time that the cause of action arose or as provided for in the California Civil Code.

## FIFTH CAUSE OF ACTION
## LOSS OF CONSORTIUM

Comes now plaintiff MARY HOFFNER and as and for a cause of action against defendants, and each of them, alleges as follows:

43. Plaintiff realleges and incorporates herein by this reference as though set forth in full each and every all and singular the alleges contained in paragraphs 1-42 above.

44. Plaintiffs JAMES HOFFNER and MARY HOFFNER were at all times herein mentioned husband and wife.

45. As a further proximate result of said negligence of defendants, plaintiff MARY HOFFNER lost and was deprived of the service, love, companionship, comfort, affection, society, sexual relations and solace of JAMES HOFFNER as a husband. Plaintiff MARY HOFFNER is informed and believes, and therefore alleges, that because of the permanent nature of the injuries sustained by plaintiff JAMES HOFFNER as hereinabove alleged, plaintiff will in the future continue to lose all or a portion of the aforedescribed items, all to plaintiff's damage in an amount in excess of the jurisdictional limits of this Court, which will be shown according to proof at the time of trial.

First Amended Complaint

WHEREFORE, plaintiff prays judgment against defendants, and each of them, as hereinafter follows:

**FIRST CAUSE OF ACTION**

1. For general damages in excess of the jurisdictional limits of this court according to proof;

2. For loss of earnings, loss of earning capacity, medical expenses, all incidental expenses and special damages according to proof;

3. For punitive damages in an amount according to proof;

4. For prejudgment interest on the award of general and special damages rendered in favor of plaintiff, calculated from the time the cause of action arose or as provided for in the California Civil Code;

5. For costs of suit; and,

6. For such other and further relief as the court deems just and proper.

**SECOND CAUSE OF ACTION**

1. For general damages in excess of the jurisdictional limits of this court according to proof;

2. For loss of earnings, loss of earning capacity, medical expenses, all incidental expenses and special damages according to proof;

3. For punitive damages in an amount according to proof;

4. For prejudgment interest on the award of general and special damages rendered in favor of plaintiff, calculated from the time the cause of action arose or as provided for in the California Civil Code;

5. For costs of suit; and,

6. For such other and further relief as the court deems just and proper.

**THIRD CAUSE OF ACTION**

1. For general damages in excess of the jurisdictional limits of this court according to proof;

First Amended Complaint

2.For loss of earnings, loss of earning capacity, medical expenses, all incidental expenses and special damages according to proof;

3.For prejudgment interest on the award of general and special damages rendered in favor of plaintiff, calculated from the time the cause of action arose or as provided for in the California Civil Code;

4.For costs of suit; and,

5.For such other and further relief as the court deems just and proper.

## FOURTH CAUSE OF ACTION

1.For general damages in excess of the jurisdictional limits of this court according to proof;

2.For loss of earnings, loss of earning capacity, medical expenses, all incidental expenses and special damages according to proof;

3.For prejudgment interest on the award of general and special damages rendered in favor of plaintiff, calculated from the time the cause of action arose or as provided for in the California Civil Code;

4.For costs of suit; and,

5.For such other and further relief as the court deems just and proper.

## FIFTH CAUSE OF ACTION

1.For loss of consortium damages according to proof;

2.For costs of suit; and

3.For such other and further relief as the court deems just and proper.

Dated: February 2, 2005CLAYEO C. ARNOLD
A Professional Law Corporation


By:____/s/ - C. Jean Cain_
C. JEAN CAIN
Attorney for Plaintiff

First Amended Complaint

**Re:** Hoffner v. Kidde
**USCD - Northern**
**Case No.: C04-04733 CRB ARB**

## CERTIFICATE OF SERVICE

I, Joy L. Davis, declare and state:

I am a citizen of the United States, over 18 years of age, employed in the County of Sacramento, and not a party to the within action. My business address is 608 University Avenue, Sacramento, CA 95825.

On February 2, 2005, I served the FIRST AMENDED COMPLAINT FOR PRODUCTS LIABILITY, NEGLIGENCE, BREACH OF WARRANTY AND LOSS OF CONSORTIUM on the following parties in said action by placing a true copy thereof enclosed in a sealed envelope by:

[**X**]  (BY MAIL) I caused such envelope with postage thereon fully prepaid to be placed in the United States mail at Sacramento, California. I am familiar with my firm's practice whereby the mail is given the appropriate postage and is placed in the designated area to be deposited in a U.S. mail box in Sacramento, California, in the ordinary course of business;

[]  (BY EXPRESS MAIL) I caused such envelope to be placed in the U.S. Mail/UPS depository at Sacramento, California; overnight service;

[]  (BY PERSONAL SERVICE) delivered by hand to addressee at the address listed below;

[]  (BY FACSIMILE/TELECOPIER) I personally sent to the addressee's telecopier number (stated above) a true copy of the above-described documents.

Norman La Force
FORTUNE, DREVLOW
560 Mission Street, 21st Floor
San Francisco, CA 94105
Phone: 415/227-2300
Fax: 415/227-2360

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on February 2, 2005, at Sacramento, California.

                                               /s/ - Joy L Davis
                                              Joy L. Davis